IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AUGUSTUS HEBREW EVANS, JR., :
:
        Plaintiff, :
:
v. : Civ. Act. No. 19-647-RGA
:
CATHERINE MCKAY, et al., :
:
        Defendants. :

**MEMORANDUM**

1. **Introduction.** Plaintiff Augustus Hebrew Evans, Jr. ("Plaintiff"), SBI No. 191247, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights and raising supplemental state claims. He proceeds *pro se* and moves for leave to proceed *in forma pauperis*. (D.I. 1).

2. **Legal Standards.** The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. *See Ball v. Famiglio*, 726 F.3d 448, 455-56 (3d Cir. 2014) (citing 28 U.S.C. § 1915(g) and discussing what qualifies as a strike under the PLRA). A case dismissed as frivolous prior to the enactment of the PLRA (*i.e.*, April 26, 1996) is counted when applying the "three strikes rule." *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule," when the prisoner is in imminent danger of serious

1

physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. § 1915(g).

3. **Background**. Plaintiff, while incarcerated, has filed twenty-four civil actions, and more than three of them have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See, e.g., Evans v. Graves*, Civ. Act. No. 17-54-RGA, D.I. 15 (D. Del. June 12, 2017) (dismissed as frivolous); *Evans v. Seaford Police Dep't*, Civ. No. 11-195-LPS (D. Del. Apr. 3, 2012) (dismissed as frivolous); *Evans v. Wright*, Civ. No. 07-656-JJF, (D. Del. Feb. 21, 2008) (dismissed for failure to state a claim upon which relief may be granted); *Evans v. McMillan*, Civ. No. 07-591-JJF (D. Del. Dec. 10, 2007) (dismissed as frivolous and for failure to state a claim upon which relief may be granted); *Evans v. Sussex Correctional Inst.*, Civ. No. 92-619-LOT (D. Del. June 13, 1993). Plaintiff concedes the PLRA applies to him. (D.I. 3 at 14; D.I. 4 at 1). Therefore, Plaintiff may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001) (en banc). After reviewing his Complaint, the Court concludes that Plaintiff has not adequately alleged that at time of the filing of the complaint he was under imminent danger of serious physical injury.

4. The Complaint was filed April 15, 2019, and Plaintiff signed and dated it April 8, 2019. (D.I. 1 at 15). The substantive allegations of the Complaint are about nine pages. Plaintiff states, as to the "dates of occurrence," that he was injured on April 28, 2018, and did not receive medical care until May 7, 2018. (D.I. 1 at 5). He further

2

alleges denial of an MRI three times, in June, October, and December of 2018. (D.I. 1 at 6). He received the MRI on or about January 17, 2019, which indicated right shoulder and rotator cuff injury and the need for surgery. (*Id.*). He states that as of April 8, 2018 [sic], he has "severe pains not being properly/adequately addressed, treatment delayed continually . . . and due to improper healing I have developed abnormal function of my right arm, while experiencing severe pain, depression, agitation, loss of sleep etc. almost a year." (*Id.*). He provides a lot of detail about events from April 29, 2018 to June 2018. (*Id.* at 7-8). He describes an MRI being approved in December 2018 and taking place on January 23, 2019. (*Id.* at 10-11). He states that it should not have taken nine months to get an MRI, and that the physical therapy he received starting in June 2018 was ineffective. (*Id.* at 11). He states that as of the filing of the complaint, he is "not receiving proper pain management treatments," a cushion and an elevator apparatus (which would, I infer, reduce pain and permit sleep), and a brace (to reduce pain). (*Id.* at 11).

5. Plaintiff separately filed a pleading captioned, "Imminent Danger of Serious Physical Injury." (D.I. 4). It recites much the same history as the Complaint. It states that as a result of the MRI, Plaintiff needed surgery, and his "medication for pain was immediately increased." The body of the pleading does not recite anything occurring after January 23, 2019, but Plaintiff attaches two grievances dated March 5, 2019, which document his request to meet with the CEO of Connections CSP and a medical administrator. (*Id.* at Exhs. 8 & 9).

6. After this case was filed, Plaintiff filed a motion for a preliminary injunction. In it, he repeats the allegations of the Complaint and the "Imminent Danger" pleading.

3

(D.I. 7 & 8). Plaintiff wrote on May 9, 2019, that he had a medical appointment scheduled three days before with an orthopedic doctor to discuss his injured right shoulder. He was moved to "isolation" and then given a document stating he had refused medical treatment. (D.I. 9). Plaintiff has continued to send in updates. (D.I. 10, 11, 12).

7. **Discussion.** The statute's exception to the requirement that a three-strikes prisoner must pay the filing fee exists for a "prisoner . . . under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc), the Third Circuit adopted the understanding "that a prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." Here, that time, based on the "mailbox rule," is April 8, 2019. I understand that allegations of imminent danger must be construed liberally in the prisoner's favor. Nevertheless, it seems plain from the Complaint that as of April 8, 2019, Plaintiff was not in "imminent danger of serious physical injury." His complaint and the "Imminent Danger" pleading are rich in their description of events between the date of his injury and January 23, 2019. Essentially, the gravamen of Plaintiff's complaint is that there was great delay, showing deliberate indifference, in getting an MRI, but that ongoing injury was ended when he got the January 23, 2019 MRI. The description as of April 8, 2019, is that he was in pain and had not been provided with a cushion, a brace, and an elevator apparatus. His medication for pain had been increased, but not by enough. In my opinion, that is not "imminent danger of serious physical injury."

4

8. Nevertheless, I acknowledge, in *Williams v. Forte*, 135 F. App'x 520 (3d Cir. 2005), in a case that has some factual analogousness to this case, allegations of "lack of medical treatment" that "put [the prisoner] in 'serious pain'" were found to be sufficient. But that case involved "a terminal disease and a urinary tract infection and/or a sexually transmitted disease," all of which existed at the time the prisoner filed his complaint.

9. Here, Plaintiff's allegations and the documents he submitted indicate he is receiving continuing care. The pleadings indicate that Plaintiff disagrees with the treatment rendered him while the allegations and documents indicate that Plaintiff received medical care prior to filing the complaint. Plaintiff's allegations and the documents he presents do not support his allegation of imminent risk or immediate danger. Thus, Plaintiff has failed to allege imminent danger of serious physical injury at the time he filed the complaint. *See Brown v. Beard*, 492 F. Supp. 2d 474, 478-79 (E.D. Pa. 2007) (prisoner was not in imminent danger of serious physical injury as required to proceed *in forma pauperis* when prisoner did not dispute that he was receiving medical attention for high blood pressure, low blood sugar, and high cholesterol, but merely disputed findings and quality of treatment he was receiving); *Tripati v. Hale*, 2013 WL 4054627, *2 (W.D. Pa. Aug. 12, 2013) (allegations that Defendants were not addressing Plaintiff's chronic pain and medical issues in the way Plaintiff believed they should indicate that the essence of the complaint is that Plaintiff disagrees with the quality of the medical care he is receiving which is insufficient to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g)), appeal dismissed, No.

5

13-3567 (3d Cir. Mar. 26, 2014) (IFP status denied on appeal by order dated Nov. 21, 2013, as there was no showing imminent danger exception met when appeal filed).

10. **Conclusion**. Plaintiff's allegations, even liberally construed, are insufficient to support a conclusion that he was in imminent danger of serious physical injury at the time he filed the complaint. Therefore, the Court will deny his motion to proceed *in forma pauperis*. (D.I. 1).

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

November 7, 2019
Wilmington, Delaware